IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TWO (2) MOTOR VEHICLES, )
     Plaintiff, )
)    **C.A. No. 07-36 Erie**
vs. )
)    **District Judge McLaughlin**
COMMONWEALTH OF PENNSYLVANIA )    **Magistrate Judge Baxter**
OFFICE OF ATTORNEY GENERAL, et al., )
     Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the motion to dismiss filed on behalf of Defendants Aliquippa Police Department and John Martin [Document # 34) be granted.

It is further recommended that Defendants James M. Farmer, Paul Radatovich, Donald Neill, and D. Michael Fisher be dismissed from this action for Plaintiff's failure to prosecute.

The only claims that should remain are those asserted against Defendant Commonwealth of Pennsylvania Office of Attorney General.

### II.    REPORT

#### A.    Relevant Procedural and Factual History

Plaintiff Jamie Brown, an individual incarcerated at the State Correctional Institution at Greensburg, Pennsylvania, filed this civil rights action on March 8, 2007, against Defendant Commonwealth of Pennsylvania Office of Attorney General ("Attorney General"). [Document # 1, Complaint]. In response, Defendant Attorney General filed a motion to dismiss the complaint on October 4, 2007. [Document # 11]. On December 26, 2007, Plaintiff filed an Amended Complaint [Document # 19], adding the following individuals/entities as Defendants in this matter: John Martin, an officer with the Aliquippa Police Department ("Martin"); the Aliquippa Police Department ("Aliquippa"); James M. Farmer, special agent with the

1

Pennsylvania Office of Attorney General ("Farmer"); Paul Radatovich, Corporal of the Pennsylvania State Police ("Radatovich"); Donald Neill, an officer with the Pennsylvania State Police ("Neill"); and D. Michael Fisher, former Pennsylvania Attorney General ("Fisher").[1] Due to the filing of the Amended Complaint, Defendant Attorney General's motion to dismiss was dismissed without prejudice to said Defendant's right to restate all or part of said motion in response to the Amended Complaint.

In his Amended Complaint, Plaintiff alleges that, on August 27, 2000, Defendant Martin pulled over a 1996 Chevrolet Impala SS ("Impala") owned by Plaintiff and Melissa L. Gilliam. At the time, the vehicle was being driven by Vernon Gore and Plaintiff was riding as a passenger because he didn't have a driver's license. (Complaint at ¶¶ 1, 3). Plaintiff claims that Defendant Martin and several other police officers then conducted an illegal search of the Impala for approximately 20 minutes, after which Plaintiff was told he was free to leave, and the Impala was towed away and impounded. (Id. at ¶ 4). Plaintiff alleges that "Officer Martin conducted several illegal investigatory searches of the said vehicle over the several days he held the vehicle impounded, while he also removed all paperwork from the vehicle and made personal copies and contacted the prior owner to investigate the purchase, all in which was illegal and based on Plaintiff's race." (Id at ¶ 5). Plaintiff claims that the Impala was later returned after the investigation was completed, but that Defendant Martin retained photocopies of the vehicle's paperwork. (Id.). Plaintiff alleges that Defendant Martin's actions were "based on plaintiff's race and this officer's personal beliefs and/or feelings towards plaintiff Brown and his family...." (Id. at ¶ 6).

On January 10, 2001, Plaintiff was stopped by unidentified police officers in Centre Township, Pennsylvania, for driving a 1999 GMC Yukon Denali sport utility vehicle ("Denali")

---

[1] In addition to having the Plaintiff captioned improperly as "Two (2) Motor Vehicles," the Amended Complaint is also purportedly filed on behalf of three named plaintiff's: Jamie Brown, Sylvia E. Ruth (Wallace), and Melissa L. Gilliam. (See Amended Complaint at p. 2). However, Ms. Ruth and Ms. Gilliam did not sign either the original or amended complaint, nor did they submit separate filing fees or motions to proceed in forma pauperis. Moreover, this matter has not been certified as a class action, nor does it qualify as one. Thus, Mr. Brown is the only Plaintiff recognized by this Court.

without a driver's license. The Denali was owned by Plaintiff's grandmother, Sylvia E. Ruth ("Ruth"). Plaintiff claims that Defendant Martin traveled to Centre Township and "illegally obtained and copied paperwork that was illegally removed from the [Denali]." (Id. at ¶ 7).

On March 15, 2001, Aliquippa Police Officer James Naim was murdered and Plaintiff was investigated as the prime suspect. (Id. at ¶ 10). Plaintiff alleges that Defendant Martin gave illegally obtained information from his personal investigation of Plaintiff to Defendant Farmer, a special agent with the Attorney General. (Id. at ¶ 8).

Plaintiff claims that, on March 17, 2001, a search warrant was executed on Ruth's residence based on "uncorroborated statements" made by a confidential informant, and that the warrant's affiant, Defendant Radatovich, added "false statements" to the warrant. (Id.at ¶ 12). Following the search of Ruth's residence, Defendant Farmer arrested Plaintiff for the murder of Officer Naim. (Id. at ¶ 14).

On April 12, 2001, Defendant Attorney General seized the 1996 Impala and the 1999 Denali, each of which contained personal property that was never returned to Plaintiff, Ruth or Gilliam. (Id. at ¶ 15). On March 3, 2005, a forfeiture hearing was held regarding the Impala and Denali, and an order forfeiting the vehicles to the Attorney General was ultimately issued on April 19, 2005. (Id. at ¶ 16). Plaintiff appealed the forfeiture order to the Pennsylvania Commonwealth Court, but the appeal was dismissed without review on March 23, 2006. (Id.). On December 5, 2006, the Pennsylvania Supreme Court denied Plaintiff's Petition for Allowance of Appeal. (Id.).

Plaintiff commenced this action on March 8, 2007, claiming that his property was illegally seized and forfeited without due process in violation of his constitutional rights. In response to Plaintiff's Amended Complaint, Defendants Martin and Aliquippa filed a motion to dismiss on June 30, 2008, arguing that the claims against them are barred by the applicable statute of limitations. [Document # 34]. Plaintiff filed a brief in opposition to this motion on August 1, 2008. [Document # 38]. To date, Defendants Farmer, Radatovich, Neill, and Fisher have not been served with either the Complaint or Amended Complaint in this matter, despite multiple Orders from this Court requiring such service. In addition, Defendant Attorney General

3

has not filed any response to Plaintiff's Amended Complaint after having had its motion to dismiss the original Complaint dismissed without prejudice. Nevertheless, this matter is now ripe for consideration.

**B.     Standards of Review**

**1.     Motion to Dismiss**

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).   The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).   As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S.Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly,127 S.Ct. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).   The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).   The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).   Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 127 S.Ct. at 1965 citing Papasan v. Allain, 478 U.S.  265, 286 (1986).   "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require]

enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S.Ct. at 1974.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### C. Discussion
#### 1. Statute of Limitations

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. Samerica Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998)(internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a

§ 1983 claim must be filed no later than two years from the date the cause of action accrued. See Lake v. Arnold, 232 F.2d 360, 368 (3d Cir. 2000); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir. 1996).

Here, all of the alleged misconduct of Defendants Martin and Aliquippa occurred between August 27, 2000 and January 10, 2001, more than six years prior to Plaintiff's initiation of this action. As a result, Plaintiff's claims against Defendants Martin and Aliquippa are time-barred and should be dismissed.

### 2. Defendants Farmer, Radatovich, Neill, and Fisher

On April 11, 2008, after Plaintiff filed his Amended Complaint, this Court issued an Order directing Plaintiff to provide the United States Marshal Service ("U.S. Marshal") with proper directions of service for each Defendant named in the Amended Complaint, including Defendants Farmer, Radatovich, Neill, and Fisher. On June 6, 2008, the U.S. Marshal filed Notices of Inability with this Court stating that it was unable to effectuate service upon Defendants Farmer, Radatovich, Neill, and Fisher based upon the information provided by Plaintiff. [Document ## 24-27]. This Court issued Orders on the Notices of Inability requiring the U.S. Marshal to make personal service upon each Defendant in accordance with instructions to be provided by Plaintiff. [Document ## 29-32].

On October 30, 2008, this Court was again informed by the U.S. Marshal that Plaintiff had not fully cooperated in its efforts to serve Defendants Farmer, Radatovich, Neill, and Fisher. Accordingly, this Court issued an Order on November 18, 2008, requiring Plaintiff to provide the U.S. Marshal with the necessary address information and documentation to allow said Defendants to be served. [Document # 41]. This Order provided further that Plaintiff's failure to provide the necessary information to the U.S. Marshal on or before December 8, 2008, would result in the dismissal of said Defendants from this case for failure to prosecute. A review of the docket entries in this case indicates that service has never been effectuated on Defendants Farmer, Radatovich, Neill, and Fisher. As a result, Defendants Farmer, Radatovich, Neill, and Fisher should be dismissed from this case for Plaintiff's failure to prosecute.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed on behalf of Defendants Aliquippa Police Department and John Martin [Document # 34) be granted.

It is further recommended that Defendants James M. Farmer, Paul Radatovich, Donald Neill, and D. Michael Fisher be dismissed from this action for Plaintiff's failure to prosecute.

The only claims that should remain are those asserted by Plaintiff against Defendant Commonwealth of Pennsylvania Office of Attorney General.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                                  /s/ Susan Paradise Baxter
                                                  SUSAN PARADISE BAXTER
                                                  Chief U.S. Magistrate Judge

Dated: February 18, 2009

cc:      The Honorable Sean J. McLaughlin
          United States District Judge