# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TWO (2) MOTOR VEHICLES,<br>    Plaintiff, | C.A. No. 07-36 Erie |
| vs. | District Judge McLaughlin<br>Magistrate Judge Baxter |
| COMMONWEALTH OF PENNSYLVANIA<br>OFFICE OF ATTORNEY GENERAL, et al.,<br>    Defendants. | |

## MEMORANDUM ORDER

Plaintiff Jamie Brown, an individual incarcerated at the State Correctional Institution at Greensburg, Pennsylvania, filed this civil rights action on March 8, 2007. This matter was assigned to United States District Judge Sean J. McLaughlin, and was subsequently referred to Chief United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

On February 19, 2009, Chief Magistrate Judge Baxter issued a Report and Recommendation recommending: (i) that Plaintiff's claims against Defendants John Martin ("Martin") and Aliquippa Police Department ("Aliquippa") be dismissed because they are barred by the applicable statute of limitations, and (ii) that Defendants James Farmer ("Farmer"), Paul Radatovich ("Radatovich"), Donald Neill ("Neill"), and D. Michael Fisher ("Fisher") be dismissed from this action for Plaintiff's failure to prosecute, because Plaintiff has failed to provide the U.S. Marshal Service with the address information necessary to have said Defendants served. [Document # 42].

The parties were allowed ten (10) days from the date of service of the Report and Recommendation to file objections. Plaintiff filed objections to the Report and Recommendation on February 27, 2009, claiming, *inter alia*, that he was unable to obtain addresses for Defendants Farmer, Radatovich, Neill, and Fisher, despite having requested the

1

same from the Pennsylvania Attorney General. After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and objections thereto, the following order is entered:

AND NOW, this 9th day of March, 2009;

IT IS HEREBY ORDERED that the Report and Recommendation by Chief Magistrate Judge Baxter dated February 19, 2009 [Document # 42] be adopted as the opinion of this Court with regard to the dismissal of Plaintiff's claims against Defendants Martin and Aliquippa as untimely; however, this Court is unwilling to adopt the Chief Magistrate Judge's recommendation that Defendants Farmer, Radatovich, Neill, and Fisher be dismissed from this action for Plaintiff's failure to prosecute, in light of Plaintiff's representation that he has used his best efforts to obtain addresses for said Defendants. Nevertheless, Plaintiff's claims against these Defendants must still be dismissed because this Court is without jurisdiction to review them. Under the Rooker-Feldman Doctrine,[1] federal courts are prohibited "from exercising 'subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding.'" Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 491 (3d Cir. 1997), cert. denied, 522 U.S. 850, 118 S.Ct. 139 (1997)(quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996))(internal citations omitted). For the Rooker-Feldman Doctrine to be applicable here this Court must either "determine that the state court judgment was erroneously entered" or "take action that would render that judgment ineffectual" in order to grant Plaintiff the relief he requests. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923).

Plaintiff claims that his constitutional rights were violated as a result of the "illegal seizure and forfeiture of plaintiff's property," namely the two motor vehicles that were ultimately forfeited to the Attorney General by order of Beaver County Common Pleas Judge

---

[1] This doctrine arises out of the decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

2

John D. McBride, dated April 19, 2005. Plaintiff appealed the forfeiture order to the Pennsylvania Commonwealth Court, but the appeal was dismissed on March 23, 2006. On December 5, 2006, the Pennsylvania Supreme Court denied Plaintiff's Petition for Allowance of Appeal. Plaintiff is now asking this Court to assess damages against Defendants for the value of the property "illegally" seized and ultimately forfeited to the Attorney General by state court order. In order to grant such relief, a determination that the state court judgment was erroneous must occur, and such relief would render the state court decisions "ineffectual." Plaintiff cannot seek review of state court decisions in this court under the guise of civil rights claims when his state court appeals challenging the same underlying seizure and forfeiture action have already been denied.

For the foregoing reasons, therefore, Plaintiff's claims against Defendants Farmer, Radatovich, Neill, and Fisher are dismissed due to this Court's lack of subject matter jurisdiction.

Similarly, Plaintiff's claim against Defendant Commonwealth of Pennsylvania Office of Attorney General ("Attorney General") must also be dismissed for the reasons cited above.

Accordingly, all claims in this case have been dismissed and the Clerk of Courts is HEREBY ORDERED to close this case.

    s/    <u>Sean J. McLaughlin</u>

    SEAN J. MCLAUGHLIN
    United States District Judge

cc:    The Honorable Susan Paradise Baxter
    Chief United States Magistrate Judge